IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

IN RE:

WILLIAM LARRY TOWNSEND, SR.  BK 04-72363-CMS-13
BARBARA GAIL TOWNSEND

    DEBTORS

WILLIAM LARRY TOWNSEND, SR.  AP 07-70051-CMS
BARBARA GAIL TOWNSEND

    PLAINTIFFS

v.

GREEN TREE- AL, LLC

    DEFENDANT

## MEMORANDUM OF DECISION

The Plaintiffs, William and Barbara Townsend, filed the above styled adversary proceeding seeking a declaratory judgment which included a determination of the monthly due date for payments pursuant to a financing contract. The court accepts the facts from the Joint Stipulations submitted on February 8, 2008 (See AP Doc. 11).

## FINDINGS OF FACT

The following recitation of facts are taken from the parties' Joint Stipulations (AP Doc. 11). Northport Home Center financed Ms. Townsend's purchase of a mobile home on April 17, 1998. The financing contract provided for monthly payments to begin on May 16, 1998 with payments due on the sixteenth (16th) of each month until the maturity date of April 16, 2028. On an unspecified

1

date, Northport Home Center assigned the contract to Bank of America, who obtained a lien on the mobile home.

Allegedly, Bank of America mailed a letter to Ms. Townsend May 2, 1998, advising that the monthly due date and the maturity date had been incorrectly listed in the contract. Rather than having payments due on the sixteenth of each month, the letter provided an original due date of June 1, 1998, and a maturity date of May 1, 2028. Id. Ms. Townsend disputes having received the letter. Id. The parties' stipulation states that a copy of this letter is attached as Exhibit "C", but no Exhibit "C" is attached to the stipulation.

Bank of America assigned the loan to Green Tree - AL, LLC on a unspecified date. Green Tree contends that the monthly payments under the contract are due on the first of each month as provided in Bank of America's letter, which Green Tree alleges modified the contract. Ms. Townsend asserts that the monthly due date is the sixteenth (16th) of each month, as provided in the original contract.

## CONCLUSIONS OF LAW

The Bankruptcy Court has jurisdiction of the Townsend's Chapter 13 case pursuant to 28 U.S.C. § 1334(a). The court has jurisdiction of this contested matter, a core bankruptcy proceeding, under 28 U.S.C. § 1334(b). Jurisdiction is referred to bankruptcy courts by the General Order of Reference of the United States District Courts for the Northern District of Alabama, Signed July 16, 1984, As Amended July 17, 1984.

The original contract between the parties provided for a payment due date of the sixteenth (16th) of each month. The parties stipulated that Bank of America mailed Ms. Townsend a letter advising that the maturity date should be the first of each month and Ms. Townsend disputes having

2

received the letter. No copy of the letter was provided. The issue raised is whether or not Bank of America's sending a letter to Ms. Townsend, without more, modified the original contract.

Alabama law grants parties the freedom to modify contracts, but requires the parties' mutual assent. *Peoples Bank & Trust Co. v. Coleman*, 736 F.2d 643, 645 (11th Cir. 1984) (citing *Mogul Wagon Co. v. Shotts*, 18 Ala. App. 528, 93 So. 219 (1922) and *Kinmon v. J.P. King Auction Co., Inc.*, 290 Ala. 323, 276 So.2d 569 (1973)). Consequently, one party cannot unilaterally alter contractual terms after the contract has been made. *Ex parte Amoco Fabrics and Fiber Co.*, 729 So.2d 336, 340 (Ala. 1998) (citing *Kinmon*, 290 Ala. 323, 276 So.2d 569).

The facts show that Ms. Townsend and Northport Home Center entered into a contract on April 17, 1998. The contract required Ms. Townsend to make monthly payments due on the sixteenth (16th) of each month for a thirty-year period. Northport Home Center assigned the contract to Bank of America, who allegedly attempted to modify the terms of the contract by sending a letter containing amended terms to Ms. Townsend. Because Green Tree alleges the existence of a contractual modification, Green Tree carries the burden of proving mutual assent. *Ex parte Amoco*, 729 So.2d 336, 340.

The parties agreed to submit this matter to the court on the stipulated facts and intended to submit written authority to support their respective positions. However, since neither party has submitted supporting authority, the court must rely on the joint stipulations to determine whether Green Tree has satisfied its burden.

The evidence shows Ms. Townsend never assented to a modification of the contract. Green Tree failed to produce a copy of the letter and Ms. Townsend disputes having received the letter.

More importantly, nothing on the record illustrates that Ms. Townsend ever assented to the alleged modification. Therefore, the original terms of the contract must govern.

This declaratory judgment action also requests that the court determine that the automatic stay has not lifted in this case to allow GreenTree to repossess Townsend's mobile home. The parties have submitted no stipulated facts as it relates to this issue. The court recognizes that this portion of the dispute arises out of an agreed order conditionally denying a motion for relief from stay entered in the main bankruptcy case. (BK Doc. 60) Paragraph 2 of that order provided "[t]he Debtors will also resume making regular monthly mortgage payments (including principal and interest) as provided for in the Contract beginning with the payment due January 16, 2007 payment direct to Green Tree."

Because the original terms of the contract apply, the monthly payments under the financing contract are due on sixteenth of each month. The balance of the issues raised in this declaratory judgment action will be set for hearing by separate order and notice.

**DONE and ORDERED** this May 2, 2008.

/s/ C. Michael Stilson
C. Michael Stilson
United States Bankruptcy Judge

4